IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Eddie Donnell Littlejohn, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Brandon T. Parker, Sadarius ) <br> Henderson, Steve Mueller, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 7:24-cv-01147-TMC-KFM <br><br> **ORDER** |

Plaintiff Eddie Littlejohn, proceeding *pro se* and *in forma pauperis*, (ECF No. 13), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 9, 20, 38). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued multiple orders advising Plaintiff of the necessary steps to bring his case into proper form. (ECF Nos. 12, 18, 22). After Plaintiff brought this case into proper form, the magistrate judge issued another order informing Plaintiff some of his claims were subject to summary dismissal and granting Plaintiff additional time to file an amended complaint correcting the noted deficiencies. (ECF No. 28). Plaintiff filed two motions seeking additional time to respond to the order, (ECF Nos. 31, 35), and the magistrate judge granted both motions, (ECF Nos. 32, 36). Plaintiff subsequently filed an amended complaint. (ECF No. 38).

Now before the court is the magistrate judge's report and recommendation ("Report"), finding Plaintiff's unreasonable search and seizure claim and excessive force claim against Defendants Brandon Parker and Sadarius Henderson sufficient to survive screening. (ECF No. 42). However, the magistrate judge determined the remainder of Plaintiff's claims fail to state a claim

1

upon which relief may be granted; therefore, they are subject to summary dismissal. *Id*. at 2. Plaintiff filed objections to the Report, (ECF No. 49), and this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Plaintiff brought this action against Parker, Henderson, and Sheriff Steve Mueller[1] alleging, among other things, a violation of his Fourth Amendment rights due to an unreasonable search and seizure. (ECF Nos. 1, 38). According to Plaintiff's amended complaint, on November 25, 2023, Parker and Henderson went to Plaintiff's residence without a warrant to conduct a "knock and talk" regarding property that was believed to be at the residence. (ECF No. 38 at 5). Plaintiff claims Parker entered the back door of his home while Henderson entered the carport door. *Id*. at 6. Plaintiff alleges he was pushed over a table onto the floor and ultimately placed under arrest for possession of methamphetamine. *Id*. Within twenty-four hours, Plaintiff was

---

[1] In his complaint, Plaintiff also named the Cherokee County Detention Center as a defendant, (ECF No. 1); however, the detention center was not named in Plaintiff's amended complaint, (ECF No. 38). Accordingly, it has been terminated as a party to this action. (ECF No. 40).

served with two warrants. *Id*. Plaintiff contends Sheriff Mueller is Parker's and Henderson's supervisor and that he does not follow up or know what his officers are doing. *Id*. at 6-7. Plaintiff then states "falsely housing, breaking constitutional rights for the greed of being compensated knowing people [are] uneducated and confused with the process." *Id*. at 7. Plaintiff claims he has headaches and body pain due to the defendants' conduct. *Id.* at 8. For relief, he seeks money damages, credit for time served, his record to be expunged, and a medical examination. *Id*. at 7-8.

The magistrate judge determined Plaintiff's unreasonable search and seizure claim and excessive force claim against Parker and Henderson are sufficient to survive screening. (ECF No. 42). However, he recommended the court dismiss Plaintiff's remaining claims as well as Sheriff Mueller, *with* prejudice, without further leave to amend, and without issuance and service of process. *Id*. at 9. Specifically, the magistrate judge provided that, to the extent Plaintiff seeks an order from this court dismissing his criminal prosecutions, the court should abstain from doing so pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) as Plaintiff failed to make a showing of the requisite "extraordinary circumstances." (ECF No. 42 at 4-6). To the extent Plaintiff seeks release from pretrial detention, the magistrate judge explained such relief may only be obtained in a habeas action. *Id*. at 6 (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)). Additionally, he determined Plaintiff failed to state a supervisory liability claim against Sheriff Mueller, and, therefore, Sheriff Mueller is subject to dismissal. *Id*. at 7. The magistrate judge construed Plaintiff's allegation of "false housing" as a claim that Plaintiff has been subject to an unspecified unconstitutional condition of confinement. *Id*. As to that claim, the magistrate judge found Plaintiff's "vague and

conclusory allegation that he is subject to false housing fails to state a plausible claim for relief."[2] *Id.* at 8.

Plaintiff filed objections to the Report,[3] objecting only to the magistrate judge's finding that extraordinary circumstances are not present to justify the district court's intervention in the underlying criminal proceedings. (ECF No. 49). In arguing extraordinary circumstances are present to justify intervention, Plaintiff provides he is at risk for having a stroke due to his blood pressure and that he will suffer irreparable harm without intervention from this court. *Id*. at 2-3. The court concludes such circumstances do not warrant this court's intervention in Plaintiff's criminal proceedings.

Initially, the court notes that, at the time Plaintiff brought this action, he had multiple state charges pending against him. A review of the public index indicates those charges may have been disposed of while this case has been pending, and it is unclear whether there are any ongoing state proceedings related to those charges. However, out of an abundance of caution, the court will

---

[2] The magistrate judge further concluded Plaintiff abandoned his claims against the Cherokee County Detention Center and his claims regarding the property deprivation because neither are mentioned in the amended complaint and Plaintiff had been warned that an amended complaint replaces the complaint. *Id*.

[3] At the top of his objections, Plaintiff includes the case number for this case as well as the case number of another case he filed in this district, *Littlejohn v. Mueller*, Case No. 6:24-cv-01162 (D.S.C.), which concerned allegations surrounding his conditions of confinement. Therefore, the Clerk's Office filed these objections in both cases, and the undersigned reviewed them prior to rendering his ruling on the Report and Recommendation in *Littlejohn v. Mueller*. *Id*. at dkt. entry 36 (D.S.C. April 8, 2025). While the substance of these objections goes more to the claims raised in Plaintiff's other case, out of an abundance of caution, the undersigned reviews the objections to the extent they apply to the claims raised *in this case*. Going forward, however, Plaintiff is instructed to place *only on*e case number at the top of his filings to ensure his documents are filed in the appropriate case. This court lacks the resources to search across multiple dockets to sufficiently glean Plaintiff's position on the various claims raised in his pending cases. *See, e.g.*, *Littlejohn v. Mueller*, 6:24-cv-01162-TMC, dkt. entry 31-2 (D.S.C.) (where Plaintiff provides details concerning the claims filed in the present case in a document filed in another case). Those allegations have also been considered, and they do not alter the court's ruling in this case.

proceed with its analysis of this issue under the assumption that there are ongoing criminal proceedings as alleged in Plaintiff's objections.

The Supreme Court of the United States ("SCOTUS") recognized that, while federal courts may interfere in state criminal proceedings "when absolutely necessary for protection of constitutional rights", they should only do so under "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. SCOTUS explained:

> Those "exceptional circumstances" exist . . . in three types of proceedings. First, *Younger* precluded federal intrusion into ongoing state criminal prosecutions. Second, certain "civil enforcement proceedings" warranted abstention. Finally, federal courts refrained from interfering with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."

*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (internal citations omitted). "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). These factors are often referred to as the "*Middlesex* factors." However, even when the type of proceeding qualifies as a proceeding that warrants *Younger* abstention and the *Middlesex* factors are satisfied, *Younger* sets forth three exceptions to the court's duty to abstain: "(1) 'bad faith or harassment' by state officials responsible for the prosecution; (2) a statute that is 'flagrantly and patently violative of express constitutional prohibitions'; and (3) other 'extraordinary circumstances' or 'unusual situations.'" *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022) (quoting *Younger*, 401 U.S. at 49-54).

Here, Plaintiff's underlying state criminal prosecution is the type of proceeding that would warrant *Younger* abstention and satisfy the first *Middlesex* factor. Regarding the second *Middlesex* factor, as the magistrate judge recognized in his Report, "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." (ECF No. 42 at 5) (quoting *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)). As to the third factor, and as the magistrate judge also recognized, Plaintiff had the opportunity to argue that the search of his home was improper and to seek the dismissal of his charges in his state proceedings. Thus, the *Middlesex* factors are satisfied. Plaintiff does not contest the magistrate judge's findings on these issues. Instead, he contends exceptional circumstances are present to warrant intervention in his criminal proceedings due to being at risk for a stroke. That is not, however, a sufficient basis to intervene in his criminal proceedings, and Plaintiff has not provided any authority to the contrary. Plaintiff simply has not shown that *intervening in his criminal proceedings* is "absolutely necessary" to ensure protection of his constitutional rights. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (recognizing "a § 1983 action is a proper [avenue] for a state prisoner who is making a constitutional challenge to the conditions of his prison life").[4]

---

[4] Though this action is brought under § 1983, Plaintiff did not allege he was denied medical treatment and was at risk of having a stroke in his amended complaint. (ECF No. 38). Plaintiff only raised such allegations *in his objections* and on the notion that such claims are sufficient to intervene in his ongoing state criminal proceedings. As discussed, however, that is not so, even assuming there are still ongoing proceedings in which the court *could* intervene.

Furthermore, in the event Plaintiff's criminal proceedings are no longer pending and to the extent he seeks release from custody by challenging the fact or duration of his custody, such relief should be pursued in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (discussing its previous conditions of confinement cases and indicating they "merely establish that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but *not to the fact or length of his custody*") (emphasis added). *See also Heck*, 512 U.S. at 481 (affirming "that habeas corpus is the exclusive remedy for a state

Plaintiff does not object to the magistrate judge's remaining findings and recommendations. Therefore, the court must only review those findings for clear error. Having found none, the court adopts the magistrate judge's findings and recommendations set forth in his Report.

## CONCLUSION

Thus, the court **ADOPTS** the magistrate judge's Report. (ECF No. 42). While Plaintiff's unreasonable search and seizure claim and excessive force claim against Parker and Henderson survive screening, Plaintiff's remaining claims are dismissed *with* prejudice, without further leave to amend, and without issuance and service of process. Sheriff Mueller is, therefore, terminated as a party to this case.[5]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 23, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

[5] Pending with the court is also a motion for summary judgment, (ECF No. 64), which was filed after the aforementioned Report. That motion is with the magistrate judge, and the undersigned expresses no opinion on the motion at this time.