IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Eddie Donnell Littlejohn, | ) |
| Plaintiff, | ) Civil Action No. 7:24-cv-01147-TMC |
| vs. | ) **ORDER** |
| Brandon T. Parker and Sadarius Henderson, | ) |
| Defendants. | ) |

Plaintiff Eddie Littlejohn, proceeding *pro se* and *in forma pauperis*, (ECF No. 13), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 9, 20, 38). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Defendants Brandon Parker and Sadarius Henderson filed a motion for summary judgment, (ECF No. 64), and Plaintiff filed a response in opposition thereto, (ECF Nos. 69, 70). For reasons set forth in his order at ECF No. 74, the magistrate judge provided Defendants fourteen days to file a supplemental brief addressing Plaintiff's excessive force claim. Defendants timely filed their brief. (ECF No. 78). Though the magistrate judge provided Plaintiff time to file a response to any brief filed by Defendants, (ECF Nos. 74, 77), Plaintiff failed to file a response to Defendants' supplemental brief.

Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the district court grant the motion for summary judgment. (ECF No. 84). The magistrate judge notified Plaintiff he had the right to file objections to the Report. *Id*. at 13. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF Nos. 72, 85), and the Report was not returned to the court as undeliverable. Therefore, Plaintiff is presumed to have

1

received it. Still, Plaintiff failed to file objections to the Report, and the deadline to do so has passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the record and Report and finding no clear error, the court **ADOPTS** the magistrate judge's recommendation, (ECF No. 84), and **GRANTS** Defendants' motion for summary judgment, (ECF No. 64).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 9, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.